**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

MAY 22 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

LUCIANA TELLO-SANCHEZ;
ESTEBAN REYES-FLORES,

Petitioners,

v.

ERIC H. HOLDER, Jr., Attorney General,

Respondent.

No. 13-71756

Agency Nos. A088-737-890
                  A088-737-891

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 13, 2014[**]

Before:    CLIFTON, BEA, and WATFORD, Circuit Judges.

Luciana Tello-Sanchez and Esteban Reyes-Flores, natives and citizens of

Mexico, petition for review of the Board of Immigration Appeals' ("BIA") order

dismissing their appeal from an immigration judge's decision denying their

applications for withholding of removal and relief under the Convention Against

---

[*]      This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]      The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

Torture ("CAT").  Our jurisdiction is governed by 8 U.S.C. § 1252.  We review for substantial evidence factual findings.  *Zehatye v. Gonzales*, 453 F.3d 1182, 1184-85 (9th Cir. 2006).  We deny in part and dismiss in part the petition for review.

Substantial evidence supports the BIA's finding that petitioners failed to establish that they suffered harm or have a fear of future harm on account of a protected ground, as opposed to a personal dispute over land.  *See Parussimova v. Mukasey*, 555 F.3d 734, 740 (9th Cir. 2009) (the REAL ID Act "requires that a protected ground represent 'one central reason' for an asylum applicant's persecution"); *see also Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010).  Because the record supports the BIA's finding that, even assuming indigenous landowners are a particular social group, petitioners failed to establish a nexus between the harm they experienced and their membership in that group, remand in light of *Cordoba v. Holder*, 726 F.3d 1106 (9th Cir. 2013) and *Henriquez-Rivas v. Holder*, 707 F.3d 1081 (9th Cir. 2013) (en banc), is unnecessary.  We lack jurisdiction to consider petitioners' unexhausted claim that Tello-Sanchez is a member of a particular social group consisting of police informants.  *See Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir. 2004).  In the absence of a nexus to a protected ground, petitioners' withholding of removal claims fail.

Finally, substantial evidence also supports the BIA's denial of CAT relief because petitioners failed to establish a likelihood of torture if they return to Mexico. *See Singh v. Gonzales*, 439 F.3d 1100, 1113 (9th Cir. 2006). Because petitioners have not shown a likelihood of torture, we reject petitioners' request to remand in light of *Madrigal v. Holder*, 716 F.3d 499 (9th Cir. 2013).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**